SEPTEMBER 11, 1980

PROPOSED REGULATIONS AND STANDARDS FOR OPERATION OF AN APPELLATE ASSIGNED COUNSEL SYSTEM. On order of the Court, this is

to advise that the Court is considering implementing the following proposals and standards for the operation of an appellate assigned counsel system. Comments on this proposal may be sent to the Supreme Court clerk within 30 days after it is published in the State Bar Journal.

SECTION I. ESTABLISHMENT OF THE OFFICE OF THE APPELLATE ASSIGNED COUNSEL ADMINISTRATOR.

(1) The Appellate Defender Commission shall establish an Appellate Assigned Counsel Administrator's Office which shall be coordinated with but separate from the State Appellate Defender Office. The duty of this office shall be to compile and maintain a statewide roster of attorneys eligible and willing to accept criminal appellate defense assignments and to engage in activities designed to enhance the capacity of the private bar to render effective assistance of appellate counsel to indigent defendants.

(2) An appellate assigned counsel administrator shall be appointed by and serve at the pleasure of the Appellate Defender Commission.

(3) The appellate assigned counsel administrator shall:

(a) be an attorney licensed to practice law in this state,

(b) take and subscribe the oath required by the constitution before taking office,

(c) perform duties as hereinafter provided,

(d) not engage in the practice of law or act as an attorney or counselor in a court of this state except in the exercise of his duties under these rules.

(4) The appellate assigned counsel administrator and supporting personnel shall be considered to be court employees and not to be classified civil service employees.

(5) The salaries of the appellate assigned counsel administrator and supporting personnel shall be established by the Appellate Defender Commission.

(6) The appellate assigned counsel administrator and supporting personnel shall be reimbursed for their reasonable actual and necessary expenses by the state treasurer upon the warrant of the state treasurer.

(7) Salaries and expenses attributable to the office of the appellate assigned counsel administrator shall be paid out of funds available for those purposes in accordance with the accounting laws of this state. The auditor general, under authority of Mich Const 1963, art 4, § 53, shall perform audits utilizing the same policies and criteria that are used to audit executive branch agencies.

(8) Within appropriations provided by law, the Appellate Defender Commission shall provide the office of the appellate assigned counsel administrator with suitable space and equipment at such locations as the commission considers necessary.

SECTION 2. DUTIES OF THE APPELLATE ASSIGNED COUNSEL ADMINISTRATOR.

The appellate assigned counsel administrator, with such supporting staff as the commission deems appropriate, shall:

(1) After reasonable notice has been given to the members of the State Bar of Michigan, compile a roster of attorneys eligible under § 4 of these regulations and willing to accept appointments to serve as appellate counsel for indigent criminal defendants.

(a) The roster shall be updated semi-annually and circulated among all probate, circuit, and appellate courts of the state. It shall also be provided, upon request, to any interested party.

(b) The roster shall appear in a two-part format. Part One shall contain an alphabetized listing by name of all attorneys in the state who are eligible and willing to accept criminal appellate assignments. Part Two shall be subdivided according to the circuits in which the attorneys' primary practices are maintained and shall contain the following information regarding each attorney: name, firm name, business address, business telephone, and level of assignments for which the attorney is eligible.

(2) Place in the issue of the State Bar Journal to be published after the results of the bar examinations have been released an announcement specifying the procedure and eligibility criteria for placement on the assigned counsel roster.

(3) Distribute by November 1 of every second year to all attorneys on the roster a standard renewal application containing appropriate questions regarding education and experience obtained during the preceding two years and notice that the completed application must be forwarded to the administrator's office within 30 days.

(a) The eligibility level of every attorney on the list shall be reviewed every second year based upon the information contained in the renewal application.

(b) Where a renewal application has not been filed or reveals deficiencies in complying with any requirement for continuing eligibility, the administrator shall notify the affected attorney in writing of such deficiencies. The names of all attorneys who fail to correct deficiencies in their continuing eligibility status within 60 days after the issuance of notice shall be removed from the roster, except that the administrator shall have the discretion to extend the deadline for correcting deficiencies by an additional 60 days where good cause is

shown. Such extensions shall be requested and granted only in writing and shall include a summary of the pertinent facts.

(4) Notify all recipients of the roster of any change in the eligibility status of any attorney within 20 days after the date on which a change occurs. Publication of a semi-annual roster which reflects such changes within the time specified shall constitute adequate notice for purposes of this provision.

(5) Receive and take appropriate action as hereinafter set forth regarding all correspondence forwarded by judges, defendants, or other interested parties about any attorney on the roster. ·

(6) Maintain a file for each case in which private counsel is appointed which shall contain:

(i) the order of appointment,

(ii) the cover page and table of contents of all briefs and memoranda filed by defense counsel,

(iii) counsel's voucher for fees, and

(iv) a case summary which shall be completed by counsel on forms provided by the administrator and which shall contain such information about filing dates, oral arguments, case disposition, and other pertinent matters as the administrator requires for statistical purposes.

(7) Forward to the Legal Resources Project copies of all briefs filed by assigned counsel for possible placement in a centralized brief bank.

(8) Arrange for the implementation of orientation programs, peer evaluation, and related activities in connection with eligibility assessment as specified in § 4.

(9) Select an attorney to be appointed for an appeal when requested to do so by an appellate court or by a local designating authority pursuant to § 3(4).

(10) Compile data regarding the fees paid to assigned counsel and take steps to promote the payment of reasonable fees which are commensurate with the provision of effective assistance of appellate counsel.

(11) Provide, upon request of an assigned attorney or an appointing authority, information regarding the range of fees paid within the state to assigned counsel or to expert witnesses and investigators who have been retained by counsel with the prior approval of the trial court. Upon the request of both the attorney and the appointing authority, the administrator may arbitrate disputes about such fees in particular cases according to prevailing local standards.

(12) Take steps to promote the development and delivery of support services to appointed counsel.

(13) Present to the commission within 90 days after the end of the fiscal year an annual report on the operation of the assigned counsel system which shall include an accounting of all funds received and disbursed, an evaluation of the cost-effectiveness of the system, and recommendations for improvement.

(14) Perform such other duties in connection with the administration of the assigned counsel system as the commission shall direct.

SECTION 3. SELECTION OF ASSIGNED COUNSEL.

(1) The judges of each circuit or group of voluntarily combined circuits shall appoint a local designating authority who shall be responsible for the selection of assigned appellate counsel from a rotating list and shall perform such other tasks in connection with the operation of the list as may be necessary at the trial court level. The designating authority may not be a judge, prosecutor or member of the prosecutor's staff, public defender or member of the public defender's staff, or any attorney in private practice who currently accepts trial or appellate criminal assignments within the jurisdiction.

(2) Each local designating authority shall compile a list of attorneys eligible and willing to accept criminal appellate assignments as indicated on the statewide roster. In order to receive appellate assignments from a trial court, an attorney's name must appear on that circuit's local list. The local lists shall be compiled in the following manner:

(a) The name of each attorney appearing on the statewide roster who has identified the circuit in question as his or her circuit of primary practice shall automatically be placed on the local list.

(b) The name of each attorney appearing on the statewide roster who submits a written request to the local designating authority shall also be placed on the local list.

(c) The name "State Appellate Defender Office" shall be placed in every fourth position on each local list.

(3) Upon receiving notice from a trial judge that an indigent defendant has requested appellate counsel, the local designating authority shall select the attorney to be assigned by rotating the local list in the following manner:

(a) The opportunity for appointment shall be offered to the attorney whose name appears at the top of the list unless that attorney must be passed over for cause.

(b) When the attorney accepts the appointment or declines it for reasons other than those hereinafter specified as "for cause," the attorney's name shall be rotated to the bottom of the list.

(c) When an attorney's name is passed over for cause, his or her name shall remain at the top of the list.

(d) An attorney's name may be passed over for cause in any of the following circumstances:

(i) The crime of which the defendant has been convicted carries a possible life sentence or a statutory maximum sentence exceeding ten years and the attorney is qualified only at Level I as described in § 4(3) of these rules.

(ii) The attorney represented the defendant at trial or plea and no exception for continued representation as specified in § 3(8) is to be made.

(iii) Representation of the defendant would create a conflict of interest for the attorney. Conflicts of interest shall be deemed to exist between codefendants whether they were jointly or separately tried.

(iv) The attorney did not represent the defendant at trial or plea and an exception for continued representation by trial counsel as specified in § 3(8) is to be made.

(v) The defendant's request for an attorney on the list who is neither trial counsel nor next in order for appointment is to be honored pursuant to § 3(7).

(vi) The appeal to be assigned is from an habitual offender conviction and the designating authority, pursuant to § 3(9), desires to select the attorney assigned to appeal the underlying conviction.

(e) When an attorney is passed over for cause under subsections 3(d)(i), (ii), or (iii), the local designating authority shall continue systematic rotation of the list until reaching the name of an attorney willing and able to accept the appointment.

(f) When an attorney is passed over for cause under subsections 3(d)(iv), (v), or (vi) and an attorney whose name appears other than at the top of the list is selected, upon accepting the appointment the latter attorney's name shall be rotated to the bottom of the list.

(g) The local designating authority shall maintain records which reflect all instances where attorneys have been passed over and the reasons therefor.

(4) Where a complete rotation of the local list fails to produce the name of an attorney willing and able to accept appointment in a particular case, the local designating authority shall refer the case to the appellate assigned counsel administrator for assignment.

(5) After selecting an attorney to be assigned in a particular case, the local designating authority shall obtain an order of appointment from the appropriate trial judge and shall forward copies of this order to the attorney named therein, the defendant, and the appellate assigned counsel administrator.

(6) All assignments other than those made to the State Appellate Defender Office shall be considered personal to the individual attorney named in the order of appointment and shall not be attributed to a partnership or firm.

(7) When advising defendants of their right to assigned counsel on appeal pursuant to GCR 1963, 785.11, trial judges shall explain that the defendant may indicate on the written request for the appointment of counsel a preference for a particular attorney. Trial judges shall further explain that the defendant's preference is not controlling and that the eligibility and willingness of the desired attorney to accept appellate assignments are controlling. When the defendant expresses a preference for counsel whose name appears on the local list, the local designating authority shall attempt to honor it.

(8) When the defendant specifically requests the appointment of his or her trial attorney for purposes of appeal and the trial attorney is otherwise eligible and willing to accept the assignment, the defendant shall be advised of the potential consequences of continuous representation. If the defendant thereafter maintains a preference for appellate representation by trial counsel, the advice given and the defendant's waiver of the opportunity to receive new counsel on appeal shall be by waiver on the record or by written waiver placed in the court file.

(9) Where a designating authority treats an habitual offender conviction as a separate assignment, such an assignment may be given to the attorney handling the appeal of the underlying conviction.

SECTION 4. ATTORNEY ELIGIBILITY FOR ASSIGNMENTS.

(1) Attorneys who wish to be considered for appointment as appellate counsel for indigent defendants shall file an application with the assigned counsel administrator. Based on the information contained in the application, eligible attorneys will be identified in the statewide roster as qualified for assignments at either Level I or Level II.

(2) All applicants who are members in good standing of the Michigan Bar and who:

(a) have been counsel of record in at least six or more appeals of felony convictions in Michigan or Federal Courts or who have been counsel of record in four such appeals and a combination of two such appeals and felony trials during the three years immediately preceding the date of application, or

(b) have accumulated sufficient varied experience as determined by a schedule developed and published by the Appellate Defender Commission, or

(c) in exceptional circumstances, have acquired comparable experience not specifically enumerated in § 4(2)(b) as determined in the discretion of the Appellate Defender Commission,

shall be designated as Level II and may accept appointments to represent indigent defendants convicted of any felony and juveniles appealing their waiver decisions regarding any felony.

(3) All applicants who are members in good standing of the Michigan Bar who have not been designated Level II attorneys shall be designated as Level I upon completion of an orientation program.

(a) Completion of an orientation program to be offered at regular intervals by the office of the assigned counsel administrator is a prerequisite to designation as Level I. Applicants who have taken but not yet passed the Michigan bar examination may participate in an orientation program in order to facilitate their placement on the roster upon admission to the bar.

(b) A Level I attorney may not be appointed to represent a defendant on appeal if the crime of which the defendant was convicted carries a possible life sentence or a statutory maximum sentence exceeding ten years or, similarly, on appeal of juvenile waiver decisions where the maximum possible sentence for the felony charged exceeds ten years.

(c) Before being entitled to reclassification to Level II, all Level I attorneys must submit all pleadings filed in two felony appeals in which they represented the defendant to a peer review committee of Level II attorneys and receive assessments of "acceptable representation."

(i) The standards to be applied by peer review committees shall be the Minimum Standards for Indigent Criminal Appellate Defense Services approved by the Supreme Court and adopted by the Appellate Defender Commission pursuant to 1978 PA 620.

(ii) Findings by a peer review committee that the representation provided by a Level I attorney is unacceptable must be made in writing and must specify the standards violated. Copies of such findings shall be provided to the appellate assigned counsel administrator and the attorney affected.

(iii) An attorney who is aggrieved by a finding of unacceptable representation may appeal to the commission. Prior to such appeal the matter must be submitted to the appellate assigned counsel administrator for review and recommendation. The administrator shall prepare a written summary for the commission's use at a formal hearing. The administrator may also refer the matter back to the peer review committee for reconsideration pending appeal. Commission dispositions shall be written and specify the grounds for decision.

(4) Attorneys who are employed full time by the State Appellate Defender Office at or above the status of assistant defender need not individually prove their qualifications as Level II attorneys in order to perform the duties of their employment and may not individually appear on the statewide roster as eligible for accepting assignments during the course of their employment at the State Appellate Defender Office.

(5) In addition to demonstrating eligibility for a particular level of practice, attorneys who wish to maintain their names on the roster shall, by the filing of an application, agree to comply with the following rules:

(a) Each attorney shall meet and shall strive to exceed the Minimum Standards for Indigent Criminal Appellate Defense Services approved by the Supreme Court and adopted by the Appellate Defender Commission.

(b) Each Level II attorney shall demonstrate continued participation in the field of criminal appellate practice by appearing as counsel of record in an average of two felony appeals per year during the two years immediately preceding each eligibility renewal statement.

(c) Each attorney certified under these regulations, commencing January 1, 1981, shall complete seven credits of continuing education each calendar year in courses approved by the State Appellate Defender Commission upon recommendation of the appellate assigned counsel administrator.

(d) Each attorney, in each case to which he or she is assigned as appellate counsel, shall timely forward to the assigned counsel administrator copies of the following:

(i) all briefs and memoranda filed in the defendant's behalf,

(ii) his or her voucher for fees,

(iii) a completed case summary as described in § 2(6).

(e) Each attorney shall file an eligibility renewal statement as required by § 2(3) of these regulations within 30 days after receipt of the appropriate forms from the appellate assigned counsel administrator.

(f) Each attorney shall respond promptly to notice from the appellate assigned counsel administrator that defects in the attorney's eligibility status exist or that complaints about the attorney's performance have been received. Deficiencies in eligibility status must be corrected within 60 days subject to the grant in writing of one 60-day extension by the administrator for good cause shown.

(6) Pursuant to § 3(2)(a) and (b) each attorney on the statewide roster will automatically be placed on the local list of the circuit he or

she has designated for primary practice and may, in addition, request placement on the local lists of his or her choice.

(7) The name of an attorney may be removed from the roster by the administrator for failure to comply with the preceding regulations. The administrator must give the affected attorney 60 days notice that removal from the roster is contemplated. The attorney shall have a de novo appeal of right from the administrator's decision to the Appellate Defender Commission. If the right to appeal is exercised within the 60-day notice period, removal from the roster shall be stayed pending decision by the commission. The administrator's recommendations to the commission and the commission's findings shall be in writing.

(8) Any attorney whose name is removed from the roster for a reason other than a finding of inadequate representation of a client shall complete his or her work on any cases pending at the time of removal and shall be entitled to voucher for fees in those cases in the usual manner. Where removal is predicated upon a finding of inadequate representation of a client as defined in the Minimum Standards for Indigent Criminal Appellate Defense Services, the appellate assigned counsel administrator shall move the trial court for substitution of counsel, with notice to the defendant, in any pending case assigned to the attorney affected. If substitution of counsel is granted, the trial court shall determine the amount of compensation due the attorney being replaced. No attorney may accept criminal appellate defense assignments after such time as removal of his or her name from the roster has become final.

(9) Any attorney whose name has been involuntarily removed from the roster may apply for reinstatement at any time after a period of six months from the removal date has elapsed and shall be reinstated whenever renewed eligibility has been demonstrated to the satisfaction of the administrator. Refusals to reinstate by the administrator are appealable de novo to the commission. The reasons for the administrator's refusal and the commission's findings shall be in writing.

(10) Any attorney formerly eligible for assignments at Level II who has allowed his or her eligibility to lapse solely for failure to meet the continuing participation requirement of § 4(5)(b) may, upon application, be reinstated at Level II if the administrator finds upon review of the circumstances that reinstatement at Level I is not required to protect the quality of representation received by defendants.

MINIMUM STANDARDS FOR INDIGENT CRIMINAL APPELLATE DEFENSE SERVICES.

1. Counsel shall, to the best of his or her ability, act as the defendant's counselor and advocate, undeflected by conflicting interests and subject to the applicable law and rules of professional conduct.

2. Counsel shall not represent more than one of multiple codefendants on appeal regardless of whether the codefendants were jointly or separately tried.

3. Except in extraordinary circumstances, counsel shall interview the defendant in person on at least one occasion during the initial stages of representation.

4. Counsel shall fully apprise the defendant of the reasonably foreseeable consequences of pursuing an appeal in the particular case under consideration.

5. In any appeal of right, counsel shall comply with the applicable court rules regarding the timely and proper filing of claims of appeal and shall take any other steps which may be necessary to protect the defendant's right to review.

6. Counsel shall promptly request and review all transcripts and lower court records.

7. Counsel shall investigate potentially meritorious claims of error not reflected on the trial court record when he or she is informed or has reason to believe that facts in support of such claims exist.

8. Counsel shall move for and conduct such evidentiary hearings as may be required to create or supplement a record for review of any claim of error not adequately supported by existing records which he or she believe to be meritorious.

9. Counsel shall assert all claims of error which are supported by facts of record, which will benefit the defendant if successful, which possess arguable legal merit, and which should be recognizable by a practitioner familiar with criminal law and procedure who engages in diligent legal research.

10. Counsel shall not hesitate to assert claims which may be complex, unique, or controversial in nature, such as issues of first impression, challenges to the effectiveness of other defense counsel, or arguments for change in the existing law.

11. When a defendant insists that a particular claim be raised on appeal against the advice of counsel, counsel shall inform the defendant that he or she has the right to present that claim to the appellate court *in propria persona*. Should the defendant choose to proceed in such manner, counsel shall provide procedural advice and such clerical assistance as may be required to make the defendant's pleadings acceptable to the court.

12. Before advising a defendant to dismiss an appeal for lack of arguably meritorious claims of error, private assigned counsel shall obtain a second opinion through consultation with the appellate assigned counsel administrator. Staff attorneys of the State Appellate Defender Office shall similarly obtain second opinions through internal procedures established by the appellate defender. Counsel shall take no steps towards dismissing an appeal until obtaining the defendant's informed consent in writing.

13. Counsel shall seek to utilize publicly funded support services designed to enhance their capacity to present the law and the facts to the extent that such services are available and may significantly improve the representation they can provide.

14. Counsel shall be accurate in referring to the record and the authorities relied upon in both written and oral presentations to the court.

15. Counsel shall comply with all applicable court rules regarding the timely filing of pleadings and with such other timing requirements as may be specified by the court in a particular case.

16. Counsel shall request and appear for oral argument. In preparation for oral argument counsel shall review the briefs of both parties, file supplemental pleadings as warranted, and update his or her legal research.

17. Counsel shall keep the defendant apprised of the progress of the case and shall promptly forward to the defendant copies of pleadings filed in the defendant's behalf and orders and opinions issued by the court in the case.

18. Upon disposition of the cause by the court, counsel shall promptly and accurately inform the defendant of the courses of action which may be pursued as a result of that disposition, any steps which the defendant must take to initiate such action, and the scope of any further representation counsel will provide.

19. At whatever point in the post-conviction proceedings counsel's appointment terminates, counsel shall cooperate with the defendant and any successor counsel in the transmission of records and information.

20. Counsel shall not seek or accept fees from the defendant or from any other source on the defendant's behalf other than those authorized by the appointing authority.

*Staff Comment:* The appellate assigned counsel administrative design and standards were drafted by the Appellate Defender Commission, pursuant to MCL 780.712(4) and (5); MSA 28.1114(102)(4) and (5), and are published for comment by the Court substantially as submitted.

Initially, the commission proposes to employ the following criteria in implementing § 4(2)(b):

The applicant must have accumulated 15 points as determined by the following schedule:

(1) The applicant will receive the indicated points if he or she has been counsel of record in Michigan or Federal Courts within the past two years in the following cases:

| CRITERIA | CREDITS |
|---|---|
| Every 2 misdemeanor pleas | 1 |
| Each misdemeanor trial | 1 |
| Each misdemeanor appeal | 2 |
| Each juvenile court waiver hearing or trial | 2 |
| Each felony plea | 1 |
| Each felony trial | 2 |
| Each felony appeal | 3 |
| Each civil trial, to a maximum of 4 points | 1 |
| Each civil appeal, to a maximum of 6 points | 2 |

(2) The applicant will receive the indicated points if he or she in the past three years has had the following experience:

| | |
|---|---|
| Teaching criminal law or criminal procedure four semesters or more | 8 |

Employment as a law student research assistant to SADO or to Level II assigned counsel:

| | |
|---|---|
| Six months | 3 |
| One year | 4 |
| Eighteen months or more | 5 |

Trial court clerkship in court of criminal or mixed civil and criminal jurisdiction:

| | |
|---|---|
| One year | 2 |
| Two years or more | 4 |

Employment as an appellate court judicial clerk, prehearing attorney, or commissioner:

| | |
|---|---|
| One year | 7 |
| Two years | 9 |

Employment as a SADO research attorney:

| | |
|---|---|
| Six months | 6 |
| One year | 12 |

(3) Each applicant must accumulate a minimum of three points for felony appeals and a minimum of six points for a combination of felony appeals and trials.

Lawyers not qualifying at Level II will, upon completion of an orientation program, be designated "Level I." They will be limited to accepting assignments in cases where the defendant's statutory maxi-

mum sentence is ten years or less. Their elevation to Level II will depend on the assessment of a peer review committee applying the minimum performance standards adopted by the Appellate Defender Commission. Level I attorneys will effectively control their own "promotion." If content to accept limitations on the nature of their assignments, they need never submit to peer review. If they wish to broaden their experience, they need only perform acceptably on two felony appeals—assigned or retained. Since only roster attorneys may receive any appointments and all roster attorneys will be designated at either Level I or II, once the system is in operation the only way an attorney can avoid passing through Level I is if he or she accumulates sufficient relevant experience to qualify directly for Level II. The net effect of the eligibility criteria will thus be to "grandfather in" experienced attorneys at the system's inception and to supervise briefly the progress of new attorneys. Indigent defendants convicted of felonies will not have inexperienced and unsupervised appellate counsel thrust upon them by the state.